IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | * Crim. No.: PJM 11-0145 |
| PHILIP I. EMAIKWU | * |
| Defendant | * |

## **MEMORANDUM OPINION**

Philip I. Emaikwu appeals Magistrate Judge DiGirolamo's March 16, 2011 sentence that he be imprisoned for a term of 30 days for Speeding and placed on probation for 18 months for Aggressive Driving, Failing to Stop at Stop Sign, and Driving Off Roadway While Passing, with the payment of fines, special assessments and processing fees. For the following reasons, the Court **AFFIRMS** the sentence.

I.

On July 3, 2010, Officer Mitchell Snow of the United States Park Police arrested Emaikwu and charged him with aggressive driving, speeding, and related charges. Emaikwu pled not guilty to the charges.

On January 24, 2011, Emaikwu appeared for trial before Magistrate Judge DiGirolamo. At trial, the Government presented testimony from Officer Snow, who testified that, while stationed on the Baltimore-Washington Parkway ("BWP"), he observed Emaikwu drive at a speed of 84 miles per hour in the left lane and then accelerate and exit the BWP, cutting off another vehicle in the right lane. Officer Snow observed Emaikwu drive past a stop sign at the base of an exit ramp at a speed of 90 miles per hour without stopping and then re-enter the BWP. Back on the BWP, Officer Snow observed Emaikwu weave in and out of traffic,

at times driving on the right shoulder to pass other vehicles, and then accelerate to a speed of 119 miles per hour. Officer Snow activated his emergency equipment, followed Emaikwu off of the BWP at the Greenbelt Road exit, and pulled him over. Officer Snow testified that he never lost sight of the vehicle between the time he first observed it traveling at excessive speeds on the BWP until he ultimately pulled it over on Greenbelt Road.

Emaikwu testified in his own defense. He testified that he exited the BWP at the Greenbelt Road exit, and while he waited at a red light, Officer Snow directed him to pull over. Emaikwu testified that his speed never exceeded 65 miles per hour and that he did not commit any of the other driving infractions that Officer Snow described.

Magistrate Judge DiGirolamo judged the testimony of Officer Snow to be credible and found Emaikwu guilty of Aggressive Driving, in violation of MTA Ar. 21 § 901, 36 C.F.R. § 4.2; Speeding, in violation of 36 C.F.R. § 4.21; Failure to Stop at Stop Sign, in violation of 36 C.F.R. § 4.12; and Driving Off Roadway While Passing, in violation of MTA Art. 21 § 304. Each offense carries a maximum punishment of six months of imprisonment.

On March 16, 2011, Magistrate Judge DiGirolamo sentenced Emaikwu to a term of imprisonment of 30 days for the speeding violation and put him on probation for a term of 18 months for the remaining violations. Magistrate Judge DiGirolamo ordered that Emaikwu surrender to the United States Marshal on or after April 15, 2011 to commence his term of incarceration.

When Emaikwu filed a notice of appeal from his sentence, Magistrate Judge DiGirolamo signed an order staying the execution of the 30-day incarceration pending the resolution of this appeal.

II.

A.

Emaikwu argues that his sentence should be vacated because it is both procedurally and substantively unreasonable.

He contends that the sentence is procedurally unreasonable because (1) the Magistrate Judge failed to "state in open court the reasons for [his] imposition of the particular sentence," as required by 18 U.S.C. § 3553(c); and (2) this failure prevents the District Court from determining whether the Magistrate Judge properly considered the factors set forth in 18 U.S.C. § 3553(a). Emaikwu argues that the statute requires the sentencing court to make factual findings and connect them to the sentencing factors. While Emaikwu concedes that the Magistrate Judge did make certain factual findings and mentioned certain of the statutory factors, he failed to make findings as to each factor. Finally, says Emaikwu, the Magistrate Judge did not explain how his sentence would achieve the statutory sentencing goals. Accordingly, Emaikwu argues, the Magistrate Judge's imposition of the sentence constitutes significant procedural error.

Emaikwu next argues that his sentence is substantively unreasonable because it is "greater than necessary" to achieve the statutory sentencing goals. First, there is a significant disparity between the sentences available for this Federal Class B misdemeanor and the equivalent State of Maryland offense, which carries with it no possibility of incarceration and a maximum fine of $500. Second, the sentence is excessive in light of the fact that Emaikwu has no criminal record or history of moving violations. Third, the sentence fails to encourage respect for the law, and, in fact, the practice before Magistrate Judges in this Division is to impose terms of imprisonment for all speeding offenses in which the driver exceeds 100 miles per hour, which illustrates a harshness and arbitrariness that serves to lessen respect for the law. Finally, this

sentence fails to achieve the goal of rehabilitation, as Emaikwu has no history of substance abuse or need of vocational or educational programs, and, in fact, incarceration will jeopardize Emaikwu's ability to financially support to his family.

B.

The Government contends that Emaikwu's argument is misplaced because sentences for Federal Class B misdemeanors are not subject to the sentencing guidelines and "the court may impose any sentence authorized by statute for each count that is Class B or C misdemeanor or an infraction." U.S.S.G. § 1B1.9, n.1. A sentence for a Class B misdemeanor may only be overturned if it was "imposed in violation of law" or "plainly unreasonable." 18 U.S.C. § 3742(e). If neither ground exists, the sentence must be affirmed. 18 U.S.C. § 3742(f)(3).

Here, the sentence imposed was not "in violation of law," since it falls within the statutory range. Further, the Government disputes Emaikwu's contention that the sentence is "plainly unreasonable" because the Magistrate Judge did not properly consider the sentencing factors or explain how the sentence achieves the statutory goal. To the contrary, the record demonstrates that the Magistrate Judge *did* consider each of the relevant factors set forth in U.S.C. § 3553(a); the Court is under no obligation to describe how a sentence might serve any particular purpose. Finally, the Government argues that each of Emaikwu's enumerated arguments for why the sentence is "substantively unreasonable" is immaterial, self-serving, and outside the scope of what the Court is statutorily obligated to consider.

III.

"Our appellate review of the reasonableness of a sentence focuses on whether the sentencing court abused its discretion in imposing the chosen sentence." *United States v. Pauley*,

511 F.3d 468, 473 (4th Cir. 2007).  Here, Magistrate Judge DiGirolamo fairly considered the statutory factors on the record and imposed a sentence that was within the statutory range.  As the Government correctly argues, there is nothing to suggest that Magistrate Judge DiGirolamo abused his discretion or that the sentence either is "in violation of law" or "plainly unreasonable."  18 U.S.C. § 3742(e).  The Court declines to modify the sentence in any way.

IV.

For the foregoing reasons, the Court **AFFIRMS** the sentence entered by Magistrate Judge DiGirolamo on March 16, 2011.  The current stay on executing the 30-day term of imprisonment is **LIFTED**, and Defendant Emaikwu shall surrender to the United States Marshal for this District on October 28, 2011 to begin his term of incarceration without any further stay.

A separate **ORDER** accompanies this Memorandum Opinion.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

September 8, 2011